UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MADELYN HESS, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 4:24-cv-00077-BMB |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HALLRICH INCORPORATED, et al. | ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

Before the Court is the parties' joint motion for settlement approval. (Doc. 31.) Because the Court finds the settlement is a fair resolution of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, this motion is GRANTED, and the settlement is APPROVED.

## I.  BACKGROUND

On January 11, 2024, Plaintiff Madelyn Hess ("Hess"), filed a collective action against Defendants SFR X Holdings, LLC and Greg Chaffin ("Defendants"). (*See* Doc. 1).  Hess alleges Defendants did not properly reimburse her and other delivery drivers for the use of their personal vehicles for Defendants' business. (*See* Doc. 1; Doc. 31 at 305.)[1]  Hess contends because of this improper reimbursement, Defendants failed to pay her and other drivers minimum wage in violation of the FLSA. (*See id.*)  Hess alleges damages for violations of the FLSA, the Ohio Constitution, the Prompt Pay Act, O.R.C. § 4113.15, and for unjust enrichment. (*See id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

On March 4, 2024, Defendants filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint, arguing Hess and others were bound by arbitration agreements. (Doc. 9). On August 19, 2024, the Court held the motion to dismiss in abeyance pending a limited jury trial on the validity of the arbitration agreements. (Doc. 19). On September 26, 2024, Hess filed a Notice of Consent to Join on behalf of Michael Lindenauer (collectively, "Plaintiffs").[2] (Doc. 21). After engaging in written discovery, conducting depositions, serving subpoenas, engaging with experts, and preparing for trial on arbitrability, the parties conducted multiple arm's-length negotiations and reached a settlement agreement. (*See* Doc. 31 at 310.)

On June 16, 2025, the parties filed the instant motion for approval of the settlement agreement. (Doc. 31). The total settlement amount is $28,125, with $8,125 paid to Plaintiffs, $13,866.93 in attorneys' fees, and $6,133.07 in litigation coasts. (*Id.* at 307, 311; Doc. 31-1 at 316; Doc. 31-2 at 322.)

II.     STANDARD OF REVIEW

The "central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299, 2008 WL 4724499, at *2, 2008 U.S. Dist. LEXIS 90070, at *11 (E.D. Ky. Oct. 23, 2009) (quoting 29 U.S.C. § 202). Generally, the FLSA's provisions are not subject to bargaining, modification by contract, or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945) (holding policy considerations forbid waiver of rights created by the FLSA); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (FLSA

---

[2] Additional opt-in Plaintiff drivers joined the case but subsequently accepted settlement, withdrew their consent forms, or had their cases dismissed by the Court, leaving only Hess and Lindenauer. (*See* Docs. 19, 24, 26, and 27.)

provisions "are not subject to negotiation or bargaining between employers and employees"). There is an exception to this general rule when an employee brings a private action in a federal district court under 29 U.S.C. § 216(b) and presents the court with a proposed settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also Pitty v. Conrad's Laserwash Co., Inc.*, No. 5:23-cv-2034, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *2–3 (N.D. Ohio Oct. 31, 2023).

Upon review of a settlement of FLSA claims, "'[T]he court must ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-16108, 2010 WL 2490989, at *5, 2010 U.S. Dist. LEXIS 58912, at *13 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp. 2d 714, 719 (E.D. La. 2000)). The Court must "scrutinize the proposed settlement for fairness to determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Pitty*, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *3 (citing *Bartlow v. Grand Crown Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1, 2012 U.S. Dist, LEXIS 181808, at *4 (E.D. Tenn. Dec. 26, 2012)).

Courts consider several factors including: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *2, 2008 U.S. Dist. LEXIS 90070, at *14 (citing *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). When a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

### III. ANALYSIS

First, the Court finds this action presents a bona fide dispute, and the parties possess divergent views of the facts and the applicable law. The parties' joint motion confirms the same. (*See* Doc. 31 at 306-07.) The parties disagree whether Defendants properly reimbursed Plaintiffs for vehicle expenses. (*See id.*)

Next, the Court observes the settlement resulted from arm's-length negotiations between the parties and there is no risk of fraud or collusion. *See, e.g.*, *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) ("Absent evidence of fraud or collusion, such settlements are not to be trifled with.") (*See also* Doc. 31 at 310-11.)

Before reaching a settlement, the parties litigated this matter for over a year and were preparing for a trial on arbitrability. (*See* Doc. 31 at 305-06, 310.) To prepare for trial, the parties engaged in extensive discovery, conducted numerous depositions, served subpoenas, and worked with experts. (*See id.* at 310.) If the parties were to continue litigating, they would incur additional expenses preparing for and completing a trial, including conducting further discovery and acquiring expert testimony. (*See id.*) As for success on the merits, by settling, the parties have guaranteed Plaintiffs a substantial recovery. (*Id.*)

Lastly, public policy supports approving the settlement. Rather than requiring the parties to bear the uncertainty and risks surrounding trial and a possible appeal, "the certainty and finality that comes with settlement also weighs in favor of approving the agreement." *Williams v. CG-HHC, Inv.*, No. 5:22-cv-1003, 2024 WL 1514587, at *2, 2024 U.S. Dist. LEXIS 63514, at *5 (N.D. Ohio Apr. 8, 2024). "Settlement is the preferred means of resolving litigation." *Crawford*, 2008 WL 4724499, at * 9, 2008 U.S. Dist. LEXIS 90070, at *31 (citations omitted).

The settlement agreement provides Plaintiffs will receive a settlement based on Defendants' summary records of miles driven and reimbursements paid to them.  (Doc. 31 at 306-07.)  Using those numbers, had they been paid at the IRS standard business mileage rate, Plaintiffs estimate Hess would have received an additional $1,408.16 and Lindenauer would have received an additional $7,092.71 in reimbursement payments.  (*Id.* at 307.)  To settle their claims, Hess will receive $3,375, and Lindenauer will receive $4,750.  (*Id.*)  Accordingly, Hess will receive 240% of her alleged unpaid wages, and Lindenauer will receive 67% of his alleged unpaid wages.  (*Id.* at 309.)

The Court considers Plaintiffs' counsel's opinion that the settlement is fair, reasonable, and adequate.  (*Id.* at 309-10.)  The Court finds the settlement to be a positive result, especially given the award to each Plaintiff exceeds the results of similar cases.  *See, e.g., Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *8, 2010 U.S. Dist. LEXIS 20446, *12 (N.D. Ohio Mar. 8, 2010) (finding recovery of one-third of owed wages for class members, before deducting attorney's fees and costs, is "well above… average.")  (*See also* Doc. 31 at 309 (collecting cases).)

The Court finds the award of attorney's fees to Plaintiffs' counsel reasonable given the time spent on discovery, motions, depositions, subpoenas, trial preparation, and settlement negotiations.  There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method.  *Van Horn v. Nationwide Prop. 7 Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011).  Because the attorney's fees were separately negotiated and this is not a common fund case, the Court will use the lodestar method.  (*See* Doc. 31 at 311.)  Counsel will receive $15,000 in attorney's fees and costs to resolve Hess's claims and $5,000 in attorney's fees and costs to resolve Lindenauer's claims.  (*Id.*)  Under the lodestar

method, using hourly rates similar to those that have been "repeatedly" approved by district courts in this circuit, Plaintiffs incurred $93,507.11 in attorney's fees. *See McGrothers v. GT Pizza, Inc.*, No. 2:20-cv-4050, 2022 U.S. Dist. LEXIS 228270, at *16 (S.D. Ohio Nov. 9, 2022) (approving hourly rates of Biller & Kimble attorneys and noting "[t]his Court previously —and repeatedly — has determined that their hourly rates are reasonable considering their experience, skill, and areas and level of expertise in the area of pizza delivery driver litigation.") Under the settlement, Plaintiffs' counsel will receive $13,866.93 in attorney's fees, which is 14.8% of the fees incurred. (*See* Doc. 31 at 311.) This a substantial discount on Plaintiffs' attorneys' fees. (*Id.*) The Court therefore finds this award of attorney's fees reasonable.

Additionally, the Court finds the litigation costs totaling $6,133.07 reasonable given the parties' motion practice, discovery efforts, and trial preparation. (*See id.* at 310-11.)

### IV. CONCLUSION

For the reasons stated herein, the Court GRANTS the parties' joint motion for settlement approval. (Doc. 31). The settlement is APPROVED. The parties must notify the Court within five (5) business days of the Defendants' payment of the settlement funds, and this case will be dismissed with prejudice.

**IT IS SO ORDERED.**

**Date:** July 9, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE